Anna Deknatel, Staff Attorney  
Brooklyn Legal Services Corporation A  
*Attorneys for Debtor Dianne Doyley*  
260 Broadway, Suite 2  
Brooklyn, New York 11211  
(718) 487-2364

Hearing Date: October 17, 2017  
Hearing Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------x  
In re:

DIANNE ALEXANDRA DOYLEY,

                           Debtor.  
-----------------------------------------------------x

Chapter 13

Case No. 17-41871 (ESS)

## NOTICE OF HEARING

      NOTICE IS HEREBY GIVEN upon the motion (the "Motion") dated September 7, 2017 of debtor Dianne Alexandra Doyley in the above-captioned Chapter 13 case, by the Debtor's attorneys Brooklyn Legal Services Corporation A, Anna Deknatel, Esq., that on October 17, 2017 at 9:30 a.m., or as soon thereafter as counsel may be heard, the Debtor shall apply to the Honorable Elizabeth S. Stong, United States Bankruptcy Judge for an order at the U.S. Bankruptcy Court, 271-C Cadman Plaza East - Suite 1595 Brooklyn, NY 11201-1800 (the "Hearing") valuing the interest of Ditech Financial LLC in the Debtor's residence at 1502 East 55th Street, Brooklyn New York 11234 and the second priority mortgage lien as $0.00, determining that the claim filed by creditor Ditech Financial LLC in this case is disallowed as a secured claim and allowed only as an unsecured claim, and voiding the lien of Ditech Financial LLC on the real property at 1502 East 55th Street, Brooklyn New York 11234.

      PLEASE TAKE FURTHER NOTICE that any opposition to the Motion shall be in writing and shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, shall set forth the name of the objectant, the basis for the objection, and the

specific grounds therefore, and shall be filed electronically with the Bankruptcy Court in accordance with Local Rule 9013-1, and served in accordance with Local Rule 9006-1, including service upon Brooklyn Legal Services Corporation A, Anna Deknatel, Esq, 260 Broadway, Suite 2, Brooklyn, NY 11211 so as to be actually received not less than seven (7) days prior to the hearing date.

PLEASE TAKE FURTHER NOTICE, that the Hearing may be adjourned from time to time upon the record of the Hearing without further notice thereof being required. Any failure to object to the relief requested in the Motion may be deemed a waiver of any such objection.

Dated: September 7, 2017
      Brooklyn, New York

By: _____
Anna Deknatel, Esq.

Staff Attorney
Brooklyn Legal Services Corporation A
260 Broadway, Suite 2
Brooklyn, NY 11211
Phone: (718) 487-2364

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

                                                Chapter 13

DIANNE ALEXANDRA DOYLEY,

                                                Case No. 17-41871 (ESS)

                          Debtor.
------------------------------------------------------x

## **DEBTOR'S MOTION TO DETERMINE THE VALUE AND STATUS OF JUNIOR MORTGAGEE DITECH'S CLAIM AS A WHOLLY UNSECURED CLAIM AND TO VOID THE LIEN OF JUNIOR MORTGAGEE DITECH**

This motion is filed by the Debtor, Dianne Alexandra Doyley, in the above captioned Chapter 13 case pursuant to 11 U.S.C §§ 506(a) and (d) and Federal Rules of Bankruptcy Procedure 3012 and 9014 to obtain an order to determine the value and status of the claim of creditor Ditech as a wholly unsecured claim and to void the lien of credit Ditech on Ms. Doyley's residence. By her counsel, Anna Deknatel, Esq., the Debtor states as follows in support of this motion:

1. The Debtor commenced this case on April 19, 2017 with the filing of a petition for relief under Chapter 13 of the Bankruptcy Code.

2. As described in her Schedule A, the Debtor owns the single family home in which she resides at 1502 East 55th Street, Brooklyn New York 11234 (the "Subject Property").

3. The Subject Property currently has a fair market value of $475,000, as reflected in an appraisal obtained by the Debtor on February 13, 2017, attached hereto as Exhibit A.

4. Creditor U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-AB3, ("U.S. Bank National Association") holds a first mortgage lien on the Subject Property. This lien arises from a mortgage that the Debtor granted to MortgageIT, Inc. on August

28, 2006, and that was recorded in the Office of the City Register of the City of New York on September 12, 2006 (the "First Mortgage"). The First Mortgage was subsequently assigned to U.S. Bank National Association.

5. The current indebtedness secured by the First Mortgage held by U.S. Bank National Association is $513,301.28, as evidenced by the proof of claim in this amount filed in the case by Nationstar Mortgage, LLC, on behalf of U.S. Bank National Association. (Proof of Claim Number 8.) A true and correct copy of U.S. Bank National Association's Proof of Claim with its supporting documents, including the note, mortgage, and assignment to U.S. Bank National Association is attached hereto as Exhibit B and incorporated herein by reference.

6. On June 26, 2007, the Debtor entered into a loan transaction with creditor Beneficial Homeowner Service Corporation. In connection with this transaction the Debtor executed a second mortgage to Beneficial Homeowner Service Corporation in the amount of $101,699.34 (the "Second Mortgage"). Beneficial Homeowner Service Corporation recorded its lien on the Subject Property on in the Office of the City Register of the City of New York on July 12, 2007.

7. The Second Mortgage was subsequently assigned to Ditech Financial LLC ("Ditech"). Ditech has filed a proof of claim in this case, in which it asserts a purportedly secured claim in the amount of $95,870.51. (Proof of Claim No. 4, filed on July 24, 2017.) A true and correct copy of Ditech's Proof of Claim with its supporting documents, including the note, mortgage, and assignment to Ditech is attached hereto as Exhibit C and incorporated herein by reference.

8. Pursuant to 11 U.S.C. §§ 506(a) and (d), the Debtor may void the Second Mortgage.

    Section 506(a) provides, in relevant part:

    > (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that such value of such creditor's interest . . . is less than the amount of such allowed claim . . . .

    Section 506(d) provides, in relevant part:

    > (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . .

9. "[H]olders of a wholly unsecured lien under Section 506(a) . . . are not 'holders of a claim secured only by a security interest in . . . the [debtor's] principal residence' and, therefore, their rights in the lien are not protected under the anti-modification provision of 11 U.S.C. § 1322(b)(2)." In re Pond, 252 F.3d 122, 127 (2d. Cir. 2001).

10. The lien securing any claim of Ditech is junior to the first lien of U.S. Bank National Association, whose lien exceeds the fair market value of the Subject Property.

11. Therefore, the value of Ditech's interest in the estate's interest in the Subject Property is $0.00 and Ditech's claim is wholly unsecured. Pursuant to 11 U.S.C § 506(a), the allowable secured claim of Ditech is $0.00.

12. In view of the wholly unsecured nature of the claim, the Proof of Claim Number 4 of Ditech must be disallowed as a secured claim and the lien of Ditech must be rendered void.

13. As such, under the terms of her Chapter 13 Plan dated September 7, 2017, the Debtor provides for payment to Ditech consistent with treatment of all other general unsecured creditors.

WHEREFORE, the Debtor requests that this Court enter an Order providing that:

a. The interest of creditor Ditech in the subject real estate is $0.00.

b. The Proof of Claim Number 4 filed by creditor Ditech in this case is disallowed as a secured claim and allowed only as an unsecured claim in the amount of $95,870.51.

c. The lien of Ditech on the real property at 1502 East 55th Street, Brooklyn New York 11234 and specifically any lien described in the mortgage and note from the Debtor to Ditech, recorded in the Office of the City Register of the City of New York on July 12, 2007 and subsequently assigned to Ditech, is void.

Dated: September 7, 2017
      Brooklyn, New York

By: _____
Anna Deknatel, Esq.

Staff Attorney
Brooklyn Legal Services Corporation A
260 Broadway, Suite 2
Brooklyn, NY 11211
Phone: (718) 487-2364

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

                                                     Chapter 13

DIANNE ALEXANDRA DOYLEY,

                                                   Case No. 17-41871 (ESS)

                               Debtor.
-----------------------------------------------------x

## **(PROPOSED) ORDER DETERMINING THE VALUE AND STATUS OF JUNIOR MORTGAGEE DITECH'S CLAIM AS A WHOLLY UNSECURED CLAIM AND VOIDING THE LIEN OF JUNIOR MORTGAGEE DITECH**

Upon the motion dated September 7, 2017 (the "Motion") of the Debtor in the above captioned case, for an order determining that the mortgage lien held by Ditech Financial LLC on the Debtor's property located at 1502 East 55th Street, Brooklyn New York 11234 (the "Subject Property") is wholly unsecured pursuant to 11 U.S.C. § 506(a) and that the lien of Ditech Financial LLC is void pursuant to 11 U.S.C. § 506(d); and it appearing that due and sufficient notice of the Motion was provided; and upon the record of the October 17, 2017 hearing on the Motion; and, it appearing that the amount of the senior debt secured by the Subject Property exceeds the value of the Subject Property; and good and sufficient cause appearing, it is hereby ORDERED that

1. The interest of Ditech Financial LLC in the real property at 1502 East 55th Street, Brooklyn New York 11234 is $0.00.

2. The Proof of Claim Number 4 filed by creditor Ditech Financial LLC in this case is disallowed as a secured claim and allowed only as an unsecured claim in the amount of $95,870.51.

3. The lien of Ditech Financial LLC on the real property at 1502 East 55th Street, Brooklyn New York 11234 and specifically any lien described in the mortgage and note from the

    Debtor to Beneficial Homeowner Service Corporation, recorded in the Office of the City Register of the City of New York on July 12, 2007, and assigned to Ditech Financial LLC, is void.

4. The Clerk of the County of Kings, New York shall mark on its records that Ditech Financial LLC's mortgage on the real estate located at Block 7879 and Lot No. 75 is void.

Dated: Brooklyn, New York

    _____, 2017

    _____

    UNITED STATES BANKRUPTCY JUDGE